IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-20634
Summary Calendar

AMANULLAH KHAN; DANISH SHAKIR; OMER KAMAL; HEATH
RICHARD

Plaintiffs - Appellants

v.

HOUSTON NFL HOLDINGS LP; CITY OF HOUSTON; RONALD J BORZA;
ANTHONY D CARROLL; GERARDO GUTIERREZ

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Case No. 4:05-CV-2995

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Four individuals brought suit against multiple defendants for injuries they suffered in an altercation with security guards during an event at a football stadium. Summary judgment was granted to the event sponsors on the basis that the off-duty city police officers who provided security had not been negligently hired. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plaintiffs who were allegedly injured by security guards are Amanullah Khan, Danish Shakir, Omer Kamal, and Heath Richard. They attended an event on the third-floor, club level of Reliant Stadium in Houston, Texas, on October 29, 2004. The "Halloween Bash" which they attended was an event sponsored by Houston NFL Holdings LP ("HNH"), the owner of the Houston Texans franchise of the National Football League. Evidence introduced at summary judgment indicated that the initial confrontation between some of these plaintiffs and security guards occurred inside the stadium. The plaintiffs were escorted out of the stadium by several guards. There was evidence that at least some of the plaintiffs were intoxicated, that they made threats and used rather profane language. A physical struggle occurred when arrests were made outside the stadium. The plaintiffs presented a different evidentiary picture, namely, that the guards used excessive force and assaulted the plaintiffs, then fabricated charges against them.

We are not concerned on this appeal with what happened on the night of the Halloween party. Our issue is whether the defendant HNH negligently hired the security guards prior to the event. The plaintiffs argue that HNH should have discovered internal police personnel files on the officers, which would have put HNH on notice that one officer had numerous complaints filed against him. The relevant incidents the plaintiffs highlight in the internal complaints were all found to be "not sustained," a designation indicating insufficient evidence to support either disciplinary action or exoneration.

Access to personnel files is restricted; files cannot be released if the charge does not result in disciplinary action. Tex. Loc. Gov't. Code § 143.089 (governing personnel files), § 143.1214 (governing records relating to disciplinary actions or charges of misconduct). Plaintiffs argue that the officers could have been required to provide these restricted files as a condition of being hired. Perhaps

that is so, but the issue is whether HNH's failure to make that demand created a fact question about negligence.

The parties are in agreement that many of the issues regarding HNH's possible negligence were resolved by the Texas Supreme Court in a similar case. Fifth Club, Inc. v. Ramirez, 196 S.W.3d 788 (Tex. 2006). Among other points, the Texas court determined that security work does not create a nondelegable duty on the part of the business owner, and an independent contractor may be employed to perform that work. Id. at 795-96. The one relevant basis on which HNH might be shown to have liability is if it had been negligent in hiring and retaining these guards. Before liability may be imposed, the employer must have failed "to investigate, screen, or supervise" the guards and that failure must have proximately caused the injuries. Id. at 796.

What the court in Fifth Club found would support negligent hiring is if something in the guard's background put the employer on notice that the officer constituted a risk of harm to the public. Id. at 797. A certified peace officer was by definition "fit for this type of work," and absent conflicting evidence of unfitness, hiring of such an officer was non-negligent. A fact issue on negligent hiring was not created by evidence that an officer had violated a police rule that would have prohibited his working at the club, and had been reprimanded for use of profanity. Id. at 796-97. Neither of those shortcomings indicated the officer was a risk to patrons of the club.

We turn to the summary judgment evidence that was offered here. That evidence revealed that the three officers were hired because of their law enforcement training. Each was in good standing with the Houston Police Department. The evidence asserted by the plaintiffs to create a dispute of material fact is that one of the officers had violated regulations by missing a court appearance, using a bathroom in a strip club while in uniform, and having a verbal confrontation with another officer. He also had been at fault in causing

an automobile accident in which a child was killed. Those specific events are similar to those which in Fifth Club were found not to be relevant to whether the officer would be a risk to the public. We note that an officer's fault in an automobile accident would not be evidence of a risk of using excessive force.

A different category of evidence concerns four complaints that members of the public filed against the same officer for misconduct or excessive force. Each of the complaints arose when the officer was off-duty, apparently working in a job similar to the security duties he had at the Halloween party. Each of the complaints was investigated. Each time, the investigation found insufficient evidence and concluded the complaints were "not sustained." The officer was neither exonerated nor condemned.

The district court found this evidence to be insufficient to create a dispute of material fact regarding negligence in hiring. Even had HNH known of these incidents, the court concluded it was not negligent to hire a trained policeman who was then employed by and in good standing with the Houston Police Department. Disciplinary records even if obtained would have shown no confirmed allegations of excessive force. The court also held that there was no evidence presented of an industry practice that an employer would seek confidential disciplinary histories of policemen they were considering hiring for off-duty work. Such a practice might have created a standard against which to judge HNH's failure to obtain the records.

We conclude that the district court properly analyzed Texas law and that there was no evidence to make a dispute of material fact concerning negligent hiring. We AFFIRM.